# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:98CR299-MU

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **THEODORE HOWZE, Jr.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Clarification, filed May 24, 2006.

On November 2, 1998, Defendant was named in one count of a Bill of Indictment charging him with knowingly, willfully, and unlawfully possessing with intent to distribute a quantity of cocaine and cocaine base and aiding and abetting others in violation of 21 U.S.C. §§ 841(a)(1) an d 18 U.S.C. § 2. On January 8, 1999, the Government filed an Information pursuant to 21 U.S.C. § 851 listing five prior felony drug convictions of the Defendant. On February 2, 1999, the parties filed a plea agreement with this Court. On February 25, 1999, Defendant entered a guilty plea at his Rule 11 hearing. On April 15, 2003, this Court sentenced Defendant to two hundred and forty months imprisonment with three years of supervised release. Defendant did not directly appeal his sentence or conviction. On April 5, 2004, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence. On December 20, 2004, this Court entered an Order granting Defendant's Motion to Vacate as to his claim that his attorney had failed to file a requested appeal. On January 10, 2005,

Defendant directly appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On May 31, 2006, the Fourth Circuit affirmed Defendant's sentence and conviction.

In his direct appeal Defendant argued that this Court's agreement "to run this sentence concurrent with the supervised release violation" meant that the court intended his 240 month sentence to retroactively commence on the same date he had begun serving a sentence imposed earlier upon revocation of supervised release. United States v. Howze, Jr., No. 05-4163 (4th Cir. May 5, 2006). The Fourth Circuit declined to adopt Defendant's argument and noted that any challenge to the Bureau of Prison's implementation of his sentence should be raised in a 28 U.S.C. § 2241[1] filing.

In his present motion, Defendant argues that he should be granted jail credit towards his federal sentence in 3:98cr299 for the time he spent in custody prior to sentencing in that case while incarcerated for his supervised violation. Given the Fourth Circuit's ruling on this issue – that Defendant's claim regarding jail credit should be raised in a § 2241 motion, this Court denies Defendant's motion without prejudice.

The Court notes that although Defendant argues that because he cooperated with the Government his sentencing was delayed and therefore he lost jail credit he would have otherwise received, Defendant fails to mention that because he provided substantial assistance the Government moved for a downward departure that reduced his sentence from life imprisonment to 240 months

---

[1] A motion pursuant to 28 U.S.C. § 2241 must be filed in the district in which the movant is confined. In Re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Petitioner is not incarcerated in a prison which is situated within this particular judicial district. Thus, this Court does not have jurisdiction to entertain the Petitioner's § 2241 motion.

imprisonment.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Clarification is **DENIED without prejudice**.

Signed: June 13, 2006

Graham C. Mullen
United States District Judge